IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| TYQUANE L. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| TOWN OF MOORESVILLE, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). Plaintiff was subjected to race discrimination and retaliation during his employment with Mooresville Police Department.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendant complained of herein which violate rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff, Tyquane L. White, is an African-American male who is a citizen and resident of Statesville, Iredell County, North Carolina.

5. Defendant, Town of Mooresville, is a local municipality under the laws of the State of North Carolina and is an employer within the meaning of Title VII.

## III. FACTS

6. Plaintiff is an African-American male who was hired by Defendant as a Patrol Officer in January, 2017. At the time that he was hired, Plaintiff was already a certified law enforcement officer with over eight years of law enforcement experience.

7. Plaintiff performed his duties in a satisfactory manner and received commendations and awards for his service.

8. Throughout Plaintiff's tenure, he experienced racial harassment from other white patrol officers. Plaintiff was assigned to the C Squad. Like his coworkers, he received and met expectations each year. In 2017, Plaintiff was present at an Alive At Five private function, along with three white Mooresville Police Department officers. An incident occurred which involved a private citizen and another white Mooresville Police Department officer. Plaintiff and all of the officers were in plain clothes and off duty. Plaintiff was issued a disciplinary action. None of the other officers were disciplined for that event, but it is believed that the officers were counselled. Plaintiff was not involved in any altercation at that event. If anything, Plaintiff exercised judgment to try to diffuse the situation.

9. Plaintiff was counseled about the low number of arrest and tickets that he issued. Plaintiff was engaged more in community policing which was encouraged by management. Plaintiff believes that other white officers who did not have high arrest numbers or high ticket numbers were not disciplined.

10. In October, 2019, Plaintiff was notified that the Department proposed terminating him for allegations that included the incident which occurred in 2017. The Department falsely accused Plaintiff of being intoxicated. He was not intoxicated at that time or any other time while

in uniform or on duty. Further, Plaintiff was told that he was being terminated for sleeping on duty. Plaintiff is aware, as is the Department, that many police officers, including white police officers, have dozed off while working. None of them have been terminated for such behavior. Further, on the one incident in which the Department claimed that Plaintiff was sleeping on the job, Plaintiff advised them that he was simply pulling a prank on his ride along partner and that he in fact was not asleep.

11. Plaintiff was also told that he was being terminated because of excessive use of force. Plaintiff vehemently denies that he used excessive use of force at the time that he was accused. In fact, Plaintiff made a report, through his Chain of Command, and was cleared throughout his Chain of Command on that incident.

12. Plaintiff is aware of white officers who have engaged in worse conduct, including excessive use of force, who have not been disciplined or terminated.

13. Plaintiff, along with other African-American officers of the Department, raised complaints of discrimination regarding the treatment that they received. Plaintiff's complaints were raised with members of management. No action was taken. No allegation raised by Plaintiff or any of the other African-Americans was investigated or addressed by members of management.

### IV. CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**
**TITLE VII – RACE DISCRIMINATION**

14. Plaintiff reincorporates paragraphs 1 through 13 above.

15. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 when it disciplined him and terminated his employment. Plaintiff's termination was based upon incidents which had occurred as much as two years prior to the notification of termination and

included incidents for which Plaintiff had not been given the same treatment as similarly situated white officers who engaged in the same or worse conduct.

16. Defendant's actions constitute race discrimination.

17. Plaintiff's rights under Title VII of the Civil Rights Act of 1964 have been violated and have caused him economic harm and pain and suffering.

## SECOND CAUSE OF ACTION
## RETALIATION

18. Plaintiff reincorporates paragraphs 1 through 17 above.

19. Plaintiff complained to management repeatedly about his concerns about African-Americans not receiving the same treatment as their white counterparts and about African-Americans not receiving promotions. Plaintiff filed a Charge of Discrimination with the EEOC on or about October 28, 2019, alleging discrimination. Within a month of the time of the filing of his charge of discrimination, Plaintiff was officially discharged from his employment.

20. As a result of Defendant's actions, Plaintiff was terminated. But for his engaging in the protected activity, Plaintiff would not have been terminated from his employment.

## V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

21. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, EEOC Charge No. 430-2020-0291, on or about October 28, 2019. In addition, Plaintiff filed a charge of discrimination, EEOC Charge No. 430-2020-01699, on April 8, 2020, alleging retaliation and race discrimination in his discharge from employment with the Mooresville Police Department. Plaintiff's right to sue was received on March 31, 2021. Plaintiff is filing this action within ninety (90) days of the date of receipt of the Right to Sue letter. Plaintiff has thereby exhausted all administrative remedies.

## VI. JURY TRIAL DEMAND

22. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the race discrimination be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at their its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

c. Award Plaintiff make whole relief, and compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

e. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 28th day of June, 2021.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff